UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA MCKNIGHT and :
SHEILA ANDERSON, :
Individually and on behalf of all :
Other Persons Similarly Situated, :
       Plaintiffs, :
  :
    v. : C.A. No. 16-132ML
  :
HONEYWELL SAFETY PRODUCTS :
USA, INC. and HONEYWELL :
INTERNATIONAL, INC., DAVID M. :
COTE, CARL JOHNSON, and MARK R. :
JAMES, in their Official and Individual :
Capacities, :
       Defendants. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Plaintiffs Barbara McKnight and Sheila Anderson[1] have sued Defendants Honeywell Safety Products USA, Inc., Honeywell International, Inc., and its employees David M. Cote, Carl Johnson and Mark R. James (collectively "Honeywell"). Plaintiffs claim that they were employed by Honeywell as "buyers" and are entitled to unpaid wages for work performed for which they did not receive compensation, as well as for overtime work for which they did not receive overtime premium pay. These claims are asserted under federal law pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and under state law pursuant to the Rhode Island Minimum Wage Act, R.I. Gen. Laws §§ 28-12-1, *et seq*., and the Rhode Island

---

[1] At the time of the filing of the motion to strike, the pending complaint (ECF No. 1) was brought by a single plaintiff, Barbara McKnight. After the motion to strike was filed, Plaintiff moved to amend her complaint, which motion was granted based on Defendants' representation that they had no objection. By agreement of the parties, the operative complaint for purposes of this motion is the First Amended Collective Action and Class Action Complaint (ECF No. 17-1), which is referred to in this report and recommendation as the "complaint." As a housekeeping matter, the Court notes that the motion to amend was granted but Plaintiffs have neglected to take the ministerial step of filing the complaint; they are urged to do so quickly to avoid confusion as the case proceeds.

Wages Act, R.I. Gen. Laws §§ 28-14-1, *et seq.* Plaintiffs purport to assert their claims on behalf of similarly situated persons who have been employed by Defendants. Paragraphs 34 to 44 of the complaint set out collective class allegations under the FLSA opt-in class procedures, claiming a nationwide class of buyers and former buyers who worked for Defendants after March 17, 2013. Paragraphs 45 to 53 state class action allegations under opt-out class procedures, pursuant to Fed. R. Civ. P. 23, on behalf of a class of buyers and former buyers who work or worked for Defendants in Rhode Island in the same time period.

Pursuant to Fed. R. Civ. P. 12(f), Defendants move to strike both the FLSA opt-in class and the Rule 23 opt-out class. Their motion has been referred to me for report and recommendation. For the reasons that follow, I recommend that the motion to strike the Rule 23 class be granted without prejudice, while the motion to strike the FLSA collective class be denied. The reasoning follows.

**I.      RULE 23 CLASS**

The Rule 23 class is based on the law of Rhode Island; as such the putative class is necessarily limited to buyers who worked in Defendants' Rhode Island facilities. Complaint ¶ 46. Plaintiffs' problem is that only a small number of individuals have held that position during the relevant time period. Defendants have submitted the declaration of Joshua Pascoe, Director of Data Analytics in Honeywell's Human Resources Services organization. ECF No. 12-10. He avers that only nine individuals, including Plaintiffs McKnight and Anderson, fall into the Rule 23 class as defined in the complaint. ECF No. 12-10 ¶ 6 & Ex. A. Plaintiffs have submitted no counter-affidavit, but represented at oral argument that they not could materially rebut this factual proffer. As counsel stated, it is conceivable that discovery might uncover a few more

individuals but unlikely that the total of identified individuals would be as many as twenty putative class members.

The first prerequisite for class certification under Rule 23 is that the putative members of the class are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While courts have declined to draw bright lines, it is well settled that twenty is simply not enough, particularly when joinder is clearly practicable and each of the putative class members could be easily located and informed of the pendency of the action. Pruitt v. City of Chicago, 472 F.3d 925, 926 (7th Cir. 2006) (class consisting of forty possible class members "flunked" numerosity requirement in Title VII case); Andrews v. Bechtel Power Corp., 780 F.2d 124, 132 (1st Cir. 1985) (affirming rejection of subclass with forty-nine members on numerosity grounds); Murray v. Norberg, 423 F. Supp. 795, 798 (D.R.I. 1976) (class of fewer than twenty putative plaintiffs did not meet numerosity requirement of Rule 23, when joinder was practicable and class members could be easily located and told of action); cf. Park v. Ford Motor Co., No. CIV.A. 01-2489, 2004 WL 2821312, at *6 (R.I. Super. Oct. 7, 2004) (citing Newberg On Class Actions 3d, § 3.05 (1992)) (collecting eleven cases from various jurisdictions holding that classes of fewer than one hundred members did not meet Rule 23 numerosity requirement).

In this case, with two named plaintiffs, only seven more possible class members remain. The ease of joinder is illustrated by the reality that 29% of the class is already directly participating in the case. Moreover, with an existing case already pending, the usual barrier of the cost to initiate suit is missing. Further, finding seven people in Rhode Island who worked for Defendants in the past three years, far from being difficult, seems like an easy task. With numerosity so plainly lacking and joinder of putative class members so clearly practicable, Defendants' motion to strike should be granted as to the Rule 23 class. I so recommend, but also

urge the Court to strike the Rule 23 class without prejudice so that Plaintiffs may amend their complaint to reinsert such claims in the unlikely event that discovery uncovers many more class members.

## II.     FLSA CLASS

Plaintiffs' FLSA class is challenged by Defendants based on the averments in nine affidavits establishing that the many different "buyers" who work for Honeywell all over the United States are far from having "similarly situated" job requirements.  Because of this, Defendants argue that it is clear that no amount of discovery will save Plaintiffs from the inevitable denial of FLSA conditional certification.  Defendants ask the Court to strike the collective class allegations pursuant to Rule 12(f) before the case proceeds to the first step in the multi-tiered FLSA certification process.[2]

A FLSA plaintiff may pursue collective relief on behalf of "other employees similarly situated." 29 U.S.C. § 216(b).  "When determining if persons are 'similarly situated,' such persons must be similarly situated with respect to their job requirements and with regard to their pay provisions; the positions need not be identical, only similar." Begin v. Lawn Beauticians, Inc., No. CV 15-048L, 2015 WL 9652679 at *4 (D.R.I. Nov. 3, 2015), adopted, No. CV 15-48L, 2016 WL 67692 (D.R.I. Jan. 5, 2016).  As long as an FLSA complaint has sufficient allegations plausibly to plead a collective action, the matter should proceed to conditional certification. Id.

In this Circuit, a motion to strike FLSA class allegations under Rule 12(f) is considered to be a "drastic remedy" that should be deployed with caution. Manning v. Boston Med. Ctr.,

---

[2] In 29 U.S.C. § 216(b) cases, a two-step certification process has evolved through case law. Burns v. City of Holyoke, 881 F. Supp. 2d 232, 234 (D. Mass. 2012).  First, applying a lenient standard, the court must consider the plaintiff's motion for conditional certification.  The granting of that motion triggers notice to the class members, who must then opt-in by filing an opt-in consent.  At the second stage, after discovery is completed or nearly completed, the defendants move for decertification; at that point, a far more stringent standard is used. Morgan v. Family Dollar Stores, 551 F.3d 1233, 1261 (11th Cir. 2008), cert. den., 130 S. Ct. 59 (2009).

Corp., 725 F.3d 34, 59 (1st Cir. 2013).  The mere fact that the named plaintiffs may not be able to represent a diverse group of employees does not justify the "drastic measure of striking the class allegations in their entirety."  Id. at 60.  Rather, the "plaintiffs should have the chance to prove their assertions through discovery and a properly-brought motion for class certification."  Id.  In this case, Plaintiffs have already launched the conditional certification procedure with the filing on November 7, 2016, of their Motion for Conditional Certification and Notice be Issued to Similarly Situated Employees Pursuant to 29 U.S.C. § 216(b).  ECF No. 18.

There is no question that Defendants' affidavits have raised a serious question whether Plaintiffs can clear the first bar of demonstrating that they are "similarly situated" with the rest of the alleged FLSA class, however leniently that bar may be set.  However, the declaration filed with Plaintiffs' conditional class certification motion, coupled with their plan to pursue discovery to enhance the factual showing of similarity, is more than enough to avoid the "drastic remedy" imposed by Rule 12(f).  Consequently, I find that the motion to strike should be denied and this matter should be allowed to proceed to the conditional certification phase.

### III.  CONCLUSION

Based on the foregoing, I recommend that Defendants' motion to strike be granted in part, in that the Rule 23 class allegations in paragraphs 45 to 53 should be stricken without prejudice.  I further recommend that the balance of the relief sought by Defendants' motion to strike be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

5

appeal the Court's decision.  See <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 9, 2016