**UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| BARBARA MCKNIGHT and SHEILA ANDERSON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>HONEWELL SAFETY PRODUCTS USA, INC., and HONEYWELL INTERNATIONAL, INC.; DAVID M. COTE, CARL JOHNSON, and MARK R. JAMES, in their Official and Individual Capacities,<br><br>      Defendants. | CIVIL ACTION NO.<br> 1:16-cv-00132-ML-PAS |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant, Honeywell International, Inc., ("Honeywell") hereby opposes Plaintiffs' Motion to Compel More Responsive Document Production From Defendant Honeywell International, Inc. ("Motion to Compel"). Defendants have produced documents responsive to Plaintiffs' Requests and, therefore, Plaintiffs' Motion to Compel is moot. In support thereof, Honeywell states:

## RELEVANT PROCEDURAL HISTORY

The Complaint in this action was filed on March 17, 2016, alleging class and collective action claims. Because the class claims failed to allege sufficient numerosity, and because the collective claims failed to allege sufficient commonality, Honeywell moved to strike the class and collective claims on July 20. Plaintiffs filed their Opposition on September 8.

After amending their Complaint in October, Plaintiffs moved for conditional certification on November 7.  The next day, the Court heard oral argument on Honeywell's Motion to Strike and granted it as to Plaintiffs' class claim and denied it as to Plaintiffs' collective claim.  The Court declined to rule on Plaintiffs' Motion for Conditional Certification and Notice.  Plaintiffs then requested the opportunity to conduct limited discovery, which the Court granted.  Subsequently, on November 17, the Court approved the parties' joint discovery schedule.

On December 7, Plaintiffs propounded their First Request for Production of Documents on Honeywell.  On January 6, 2017, Honeywell advised Plaintiffs that they sought a stipulated confidentiality agreement between the parties prior to its production, which included confidential personnel files and proprietary documents.  Honeywell served its Responses and Objections to Plaintiffs' First Request for Production of Documents on Plaintiffs on January 9.  The parties agreed to terms of the confidentiality agreement on February 15, and Plaintiffs then filed the Confidentiality Agreement with the Court.  The next day, on February 16, Plaintiffs filed a motion to compel.  On February 28, Honeywell produced documents responsive to Plaintiffs' Request for Production, subject to the objections set forth in its timely-filed Responses and in accordance with the terms of the Confidentiality Agreement.

On March 1, the parties met with the Court via telephonic conference to discuss the instant motions.  During this conference, the Court noted that it was treating Plaintiffs' motion as challenging a complete failure to respond rather than taking issue with Honeywell's objections and specific responses and production.  The Court asked that the parties confer about this issue, among others, and inform the Court by March 3 as to whether or not the issues could be resolved.

That evening, Plaintiffs' counsel emailed counsel for Honeywell to inform them that, in light of Honeywell's objections to their Requests for Production, Plaintiffs proposed narrowing three of their Requests and stated that they would inform Honeywell at a later date if they felt Honeywell's production was fully responsive. Honeywell's counsel responded the same evening, asking about Plaintiffs' availability for a telephone call the next morning. Counsel for the parties conferred over email and, on March 3, counsel for Honeywell then informed the Court of its intention to oppose Plaintiffs' Motion to Compel, which was filed on March 7.

On March 24, the Court heard argument on Plaintiffs' Motion to Compel and Motion for Equitable Tolling. The Court denied Plaintiffs' Motion to Compel as moot, extended the discovery deadline by 90 days at Plaintiffs' request, and tolled the limitations period applicable to this case from January 9 to March 15. In so doing, the Court noted that Honeywell's conduct in the course of discovery was not in violation of the Federal Rules, as Plaintiffs suggested, and amounted to nothing more than disputes that are typical in complex litigation.

After the hearing, counsel for the parties conferred regarding objections Plaintiffs' had to Honeywell's First Production of Documents and regarding the extent to which the documents requested through Plaintiffs' Rule 30(b)(6) notice ("30(b)(6) Notice") overlapped with Plaintiffs' Requests. As previously explained to Plaintiffs' counsel and as noted in its response to Plaintiffs' 30(b)(6) Notice, sent later that day, Honeywell agreed that it would produce documents responsive to Plaintiffs' narrowed Requests, though confirmed that would not provide Plaintiffs with the home addresses of Procurement Personnel, and that it would investigate whether certain documents as requested in the 30(b)(6) Notice and Plaintiffs' narrowed Requests could be located feasibly and with certainty. Counsel for Plaintiffs was agreeable to this, and

had previously explained to counsel for Honeywell that the 30(b)(6) Notice was served, at least in part, in an attempt to secure the production of documents also sought through Plaintiffs' Requests.

On April 13, Plaintiffs filed the instant Motion to Compel, taking issue with the completeness of some of Honeywell's earlier responses and seeking responses to the narrowed Requests that the parties previously discussed. On April 26, Honeywell produced its Supplemental/ Second Production of Documents ("Second Production") to Plaintiffs, including documents that are responsive to Plaintiffs' narrowed Requests to the documents sought through Plaintiffs' Rule 30(b)(6) notice, and that supplement Plaintiffs' First Production of Documents ("First Production"). Though the Requests in the 30(b)(6) Notice are not at issue in the present Motion, Honeywell's Second Production is responsive to those Requests and accordingly extinguishes Honeywell's duty to produce a witness who can testify to those Requests.

**ARGUMENT**

Plaintiffs' Motion to Compel should be denied. First, Honeywell has produced all documents responsive to Plaintiffs' Requests that are relevant at this stage of the litigation, mooting the Motion. Second, Honeywell has produced all documents responsive to Plaintiffs' Requests that can be produced without undue burden. Plaintiffs' Motion to Compel, thus, fails.

I.     **Legal Standard**

Procedurally, it is well settled that a motion to compel with respect to a discovery dispute regarding a lack of production is mooted when a corresponding production is made. *Signature Breads, Inc. v. Signature Bakery, Inc.*, No. CIV.A. 09-10460-LTS, 2010 WL 3044066, at *1 (D. Mass. July 29, 2010) ("The Motion to Compel Documents (Docket # 35) is DENIED as Moot in

light defendant's response in which it represented that it was producing all of the documents that Plaintiff sought in the Motion during the week of May 6, 2010."); *Antonis v. Elecs. for Imaging, Inc.*, No. CIV. 07-CV-163JL, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) (finding "Defendant's motion to compel is moot with regard to the merits, the material having been provided"); *see Veale v. Town of Marlborough*, No. CIV. 92-355-SD, 1994 WL 369545, at *1 (D.N.H. July 11, 1994) ("In light of defendant's representation that it has mailed its responses to plaintiffs' interrogatories, plaintiffs' motion to compel is denied as moot.").

Substantively, discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26(b)(1). *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978) (finding names and addresses of class members "cannot be forced into the concept of relevancy" where the information is sought for notice purposes and not to "illuminat(e) issues in the case" and explaining that a representative plaintiff's request that a defendant help compile a list of class members is more properly handled under specific rules pertaining to complex litigation, rather than discovery rules). Furthermore, it has long been the case that burdensomeness is a proper ground on which to object to discovery requests. Fed. R. Civ. P. 26(b)(1); *see Coleman v. Am. Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994) (affirming district court's determination that plaintiff's request was overly burdensome where it would have required defendant to "search every file that exists . . . for any documents that might be of relevance" to the requests in the case).

**II.    Argument**

Plaintiffs' Motion to Compel a more responsive document production from Honeywell is moot with respect to the Requests to which Honeywell responded in its First and Second

Production of Documents.  It further should be denied to the extent it seeks documents that either are irrelevant at this stage of the litigation or the production of which would be overly burdensome to Honeywell and, thus, not permissible under the Federal Rules.  Specifically, and in turn, Honeywell addresses the contentions made in Plaintiffs' Motion to Compel as follows:

**Document Request No. 3**: During the class period, produce any and all documents that describe, define, identify, refer to or concern the job duties, responsibilities, functions, and qualifications of Procurement Personnel.

Honeywell's First and Second Production of Documents produced all existing job requisitions—Honeywell's version of job descriptions—for the jobs filled by Procurement Personnel. These documents describe, define, and identify the job duties, responsibilities, functions, and qualifications of Procurement Personnel.  In its Response No. 3, Honeywell stated that it would produce these job requisitions—"job postings and/or job descriptions"—but objected that producing other documents would be burdensome given that its production of job requisitions was responsive to the information sought by Plaintiffs.  Moreover, during the March 24 post-hearing meet and confer, counsel for Honeywell informed Plaintiffs' counsel that Honeywell does not maintain job descriptions; rather, it generates job requisitions for its open positions that explain the job duties, responsibilities, functions, and qualifications of such positions.  These requisitions have been produced.

Plaintiffs request for a more responsive document production should be denied.  Plaintiffs seek "at minimum, job descriptions, employee evaluations, disciplinary or counseling documents, hiring documents, emails, memos, etc." pertaining to the jobs filled by Procurement Personnel. As an initial matter, Honeywell already has produced the descriptions for these jobs, in the form of the job requisitions it produced in its First and Second Production.  Secondarily, producing the other documents Plaintiffs seek "at minimum" would be overly burdensome to

Honeywell.  Over 100 jobs at Honeywell are filled by Procurement Personnel and Plaintiffs essentially ask for the personnel files of the Procurement Personnel filling these jobs in the form of evaluations, counseling documents, and emails, among other things.  Requiring Honeywell to scour the files of every Procurement Personnel to determine whether or not an individual's specific file contains the information that Plaintiffs' believe "at minimum exists" is unduly burdensome.

Indeed, in *Coleman*, the Sixth Circuit found that a plaintiff's discovery request was overly burdensome where it would have required a defendant to "search every file that exists . . . for any documents that might be of relevance." 23 F.3d at 1098.  That, in essence, is what Plaintiffs ask Honeywell to do through their Request for More Responsive Document Production to Request No. 3—to comb through all of the files of its Procurement Personnel to determine whether or not unique counseling documents or emails may contain reference to job duties that Honeywell already described, defined, and identified through its First and Second Production of Documents.  Accordingly, the Request for More Responsive Document Production to Request No. 3 is unduly burdensome to the extent it seeks information beyond that already produced by Honeywell in the form of job requisitions for jobs filled by Procurement Personnel.

**Document Request No. 4:**  During the class period, produce any and all documents that identify, refer to or concern any and all Honeywell job titles that involve the same or similar duties, responsibilities or functions of Procurement Personnel.

Honeywell's First and Second Production produced all documents responsive to this Request.  Plaintiffs seek information related to job titles that involve the same or similar duties, responsibilities or functions of Procurement Personnel, despite the fact that their definition of Procurement Personnel already broadly covers this Request.  Indeed, Honeywell's productions of information pertaining to over 100 job titles which meet the definition of Procurement Personnel

7

in response to other Requests is intended to be responsive to this Request.  Honeywell has not only produced information pertaining to the job titles of "buyers and procurement specialists" but also to job titles pertaining to, among other things, sourcing, purchasing, data management, implementation, transaction processes, operations, decision analytics, commodities, supplies, categories, compliance, planning, and subcontracts.  In properly responding to Plaintiffs' Requests regarding Procurement Personnel, Honeywell has already provided the "similarly situated" information sought by this Request, making this Request both duplicative and moot.

**Document Request No. 5:** During the class period, produce any and all documents that identify, refer to or concern the employees who performed the jobs referenced in your Responses to Requests Nos. 3 and 4, and include in your response any and all documents that identify the geographic location where the employees worked.

Honeywell's Second Production provided the information sought by Plaintiffs' Initial Request No. 5, including identifying the geographic location in which Honeywell's Procurement Personnel worked.  As noted by Plaintiffs, this Request was narrowed, seeking the identification of all Procurement Personnel, their geographic work location, and their home addresses.

Honeywell objects to the production of Plaintiffs' Request for these individuals' home addresses, which, ironically, Plaintiffs specifically made in their attempt to narrow this Request in response to Honeywell's initial objections.  Plaintiffs have yet to demonstrate the relevance of these addresses at this stage of this litigation.  Rather, they merely cite a string of cases where such information was found to be relevant at some stage of litigation for some reason.  Without more, this information is not relevant.  *See Oppenheimer Fund*, 437 U.S. at 351–52 (finding names and addresses of class members "cannot be forced into the concept of relevancy" where the information is sought for notice purposes and not to "illuminat(e) issues in the case").  This is especially true in light of the recent amendments to Rule 26 regarding proportionality.  *See* Fed. R. Civ. P. 26(b)(1).  Indeed, the home addresses of the Procurement Personnel identified by

8

Honeywell are not at all important to resolving the issues of this case and, therefore, should be precluded from production under the Rule 26's proportionality standard as well.

**Document Request No. 6:** During the class period, produce any and all documents that identify, refer to or concern the pay rate or pay classification of any and all Procurement Personnel, including:

    a.    Whether payment was made on a salary or hourly basis;

    b.    Whether any and all Procurement Personnel are designated as exempt or non- exempt employees. To the extent that you claim any Procurement Personnel as exempt, please produce any and all documents upon which you rely.

Honeywell produced information responsive to this Request in its First and Second Productions. The payroll information for all Procurement Personnel is responsive to the pay rate, pay classification, and salary or hourly basis portion of this Request. The job requisitions for jobs filled by Procurement Personnel are responsive to the exempt or non-exempt portion of this Request. Accordingly, the Motion to Compel as to this Request is moot.

**Document Request No. 7:** During the class period, produce any and all documents that identify, refer to or concern the compensation policies, procedures or directives including, but not limited to, rates of pay, hours of work, work schedules, overtime, payroll adjustments, shift differentials, special pay provisions, raises, bonuses, that were in effect for any and all Procurement Personnel.

Honeywell's First and Second Productions are responsive to this Request. Honeywell has already produced various policies and trainings pertaining to, among other things, overtime, pay provisions, raises, salaries, time recording, premium pay, and document retention. Documents related to work schedules and shift differentials, for example, are not relevant to this case as all Procurement Personnel, as defined by Plaintiffs, are classified as exempt and, accordingly, did not have work schedules and were not eligible for shift differentials. Plaintiffs claim that Honeywell's production is incomplete in both time and scope, without explaining why they believe this to be the case. To the extent that Honeywell's First Production in response to

9

this Request contained policies, the implementation of which occurred during the relevant time period, counsel for Honeywell informed Plaintiffs' counsel at the March 24 post-hearing meet and confer that it would determine the extent to which previous iterations of those policies were maintained, noting that the company has gone through various reorganizations in recent years. Honeywell provided the previous iterations of the most relevant policies in its Second Production. Providing previous iterations of other policies is unduly burdensome to Honeywell given the organizational changes undertaken by Honeywell, making it incredibly difficult and tedious, if not impossible, to locate such iterations for every policy produced.  Moreover, Plaintiffs have not indicated why they believe Honeywell's productions are incomplete in scope. To the contrary, Honeywell has produced all relevant policies responsive to this Request, as well as further, related information requested by Plaintiffs in the 30(b)(6) Notice.  Accordingly, Plaintiffs' Motion to Compel as to this Request should be denied.

**Document Request No. 8:** During the class period, produce any and all documents that identify, refer to or concern:
    a.    By name, job title, department, of each person who determined rates of pay of any and all Procurement Personnel; and
    b.    By name, job title, department, of each person who was responsible for ensuring any and all Procurement Personnel were paid, and produce any and all documents that describe, identify or concern the duties, responsibilities and functions each such person performed.

Honeywell produced documents responsive to this Request as narrowed by Plaintiffs in Honeywell's Second Production.  Rates of pay for Procurement Personnel are determined by the manager of the employee in question, sometimes in consultation with a Honeywell employee in Human Resources.  Honeywell has produced information identifying the manager and Human Resources employee assigned to each Procurement Personnel employee during the course of the relevant time period.  The addresses of these employees, who are not even potential class or collective members, are not relevant to this case, especially in light of Rule 26(b)(1)'s new

proportionality standard. Plaintiffs have not attempted to demonstrate why this specific information is relevant, despite admittedly being aware of Honeywell's objection to providing it as early as March 2, 2017. Accordingly, this information should be precluded from production and Plaintiffs' Motion to Compel as to this Request denied.

**Document Request No. 9:** During the class period, produce the personnel files for any and all Procurement Personnel.

In light of Honeywell's initial objections to this Request, Plaintiffs narrowed it, seeking all payroll records for all Procurement Personnel. Honeywell produced these records in its Second Production of Documents, mooting Plaintiffs' Motion to Compel as to this Request.

## CONCLUSION

For the foregoing reasons, Honeywell International, Inc., respectfully requests the Court find that Plaintiffs' Motion to Compel is moot in light of Honeywell's First and Second Productions, or otherwise deny the Motion for seeking information that is irrelevant or information the production of which would be unduly burdensome to Honeywell.

Respectfully submitted,

HONEYWELL SAFETY PRODUCTS USA, INC.
HONEYWELL INTERNATIONAL, INC.
DAVID M. COTE
CARL JOHNSON
MARK R. JAMES

By their attorneys,

/s/ *Mark W. Batten*
Mark W. Batten
Lee Crofton Douthitt
PROSKAUER ROSE LLP
One International Place

                              Boston, MA 02110-2600
                              Tel: (617) 526-9600
                              Fax: (617) 526-9899
                              Email: mbatten@proskauer.com
                              Email: ldouthitt@proskauer.com

*Counsel for Honeywell International, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by operation of the Court's ECF filing system, this 27th day of April, 2017.

                              /s/ *Mark W. Batten*
                              Mark W. Batten