UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BARBARA MCKNIGHT and :
SHEILA ANDERSON, :
Individually and on behalf of all :
Other Persons Similarly Situated, :
        Plaintiffs, :
 :
v. : C.A. No. 16-132MSM
 :
HONEYWELL SAFETY PRODUCTS :
USA, INC., HONEYWELL :
INTERNATIONAL, INC., DAVID M. :
COTE, CARL JOHNSON, and MARK R. :
JAMES, in their Official and Individual :
Capacities, :
        Defendants. :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Now pending is the motion (ECF No. 109) of Plaintiffs Barbara McKnight and Sheila Anderson to further extend equitable tolling of the statute of limitations applicable to the Fair Labor Standards Act ("FLSA") claims of the potential collective action class members based on the delays caused by the discovery strategy implemented by Defendants Honeywell Safety Products USA, Inc., Honeywell International, Inc., David M. Cote, Carl Johnson and Mark R. James (collectively, "Defendants"). This motion seeks to protect the parties alleged to be "similarly situated" in this § 216(b) case, who must affirmatively opt-in to toll the limitations period. See 29 U.S.C. § 256 (explaining that an FLSA action is not considered to be commenced for a similarly situated party until he submits written consent to join the case). For the reasons that follow, the motion is granted.

    This FLSA putative opt-in collective action is over four years old and is finally reaching the point that is supposed to happen at earliest possible stage – conditional certification. For the

lack of such documents as "job descriptions," Plaintiffs' early attempt at conditional certification failed.  McKnight v. Honeywell Safety Prod. USA, Inc., C.A. No. 16-132 S, 2017 WL 3447894 (D.R.I. Aug. 11, 2017) ("McKnight I").  Now, after years of limited discovery, as to which the Court finds Plaintiffs have been entirely diligent, Plaintiffs have returned to the Court with enough factual-based evidence to support the Court's determination to conditionally certify the collective.  ECF No. 123.  In the meantime, the Court has already found that Defendants' approach to this limited phase one discovery has caused substantial delays, sufficient to create an "exceptional circumstance."  Text Order of Aug. 23, 2019.

In the course of my review of Plaintiffs' renewed motion for conditional certification, the Court's finding of delay was confirmed; that is, it is even more clear that Defendants' resistance to discovery has substantially slowed the pace of the case and particularly slowed progress towards conditional certification.  By way of just one example, as noted above, Defendants resisted producing "job descriptions," asserting that they do not exist, and that absence was a pivotal feature of the Court's adverse decision in McKnight I, 2017 WL 3447894, at *3, *7-9 (relying on Defendants' representation that "there is no job description for any of these positions").  Yet belatedly produced documents and the testimony of long-delayed Fed. R. Civ. P. 30(b)(6) designees now establish substantial evidence of "job descriptions."  And this delay has an insidious impact that is unique to the circumstances of this case.  An affidavit evidences that Defendants have been shifting the work performed by United States-based members of the collective to locations outside the United States.  If true, a statute of limitations that is not tolled despite delay could trim the collective down to nothing.

Over the four years that the case has been pending, the Court has twice granted Plaintiffs' motions to equitably toll the applicable statute of limitations.  Text Orders of Mar. 24, 2017;

Aug. 23, 2019.  The Court is now addressing the third such motion.  ECF No. 109.  Plaintiffs ask the Court to toll the statute of limitations from August 23, 2019, through the last date the Court sets for members of the collective to file consent forms to opt-in as plaintiffs.  To support the motion, Plaintiffs do not focus on specific conduct by Defendants that prevented individual potential members of the collective from opting in or filing their own actions.[1]  Instead, they ask the Court to continue equitable tolling because it is unfair to this far-flung (comprised of individuals working at diverse locations across the country, some remotely from home) and shrinking collective to allow their claims to evaporate because of Defendants' go-slow approach to discovery compliance.  See Nash v. CVS Caremark Corp., 683 F. Supp. 2d 195, 199-200 (D.R.I. 2010).  That is, continued tolling is appropriate when the undue delays with discovery are outside of the control of potential opt-in plaintiffs, whose interests the Court seeks to safeguard.  Id. ("FLSA actions are more vulnerable to manipulation than Rule 23 actions . . . [s]imply put, it is easier to drown collective actions than class actions).

Defendants' opposition to the motion marshals equitable tolling decisions in other contexts.  E.g., Vazquez-Rivera v. Figueroa, 759 F.3d 44, 50 (1st Cir. 2014) (Rehabilitation Act claim); Zab v. Rhode Island, C.A. No. 18-070 WES, 2018 WL 2023510, at *3 (D.R.I. May 1, 2018) (post-conviction relief case).  They also direct the Court to cases where equitable tolling was denied because the delay was the fault of the plaintiff, and where there is "no reason to conclude . . . that an earlier decision on the motion to certify would have allowed time-barred

---

[1] A reason for equitable tolling that is not applicable in this case arises when the members of the collective are deterred from suing or opting in by their employer, the defendant.  See, e.g., Perez v. Shucks Maine Lobster LLC, 2:15-cv-00348-JAW, 2016 WL 6304674, at *11 (D. Me. Oct. 27, 2016) (failure to post required FLSA notices is "extraordinary circumstance" that permits the Court to equitably toll the statute of limitations); Blake v. CMB Constr., Civ. No. 90-288-M, 1993 WL 840278, at *6 (D.N.H. Mar. 30, 1993) ("[F]ailing to post the required notice, misleading plaintiff with regard to her 'salaried' employment status, failing to correct the obvious confusion concerning administrative staff overtime pay rights under the Act, and engaging in a general course of conduct likely to confuse administrative staff employees with regard to their overtime compensation rights, all militate in favor of applying the equitable tolling doctrine.").

plaintiffs to opt-in." Powers v. Centennial Commc'ns Corp., No. 1:08-cv-208-PPS, 2010 WL 746776, at *4 (N.D. Ind. Feb. 26, 2010). And Defendants rely on decisions that delay deciding whether to toll until the opt-ins have joined the case; however, "[m]any courts have nonetheless addressed the equitable tolling issue for putative plaintiffs at the conditional certification stage." Roberts v. TJX Cos., Civil Action No. 13-cv-13142-ADB, 2017 WL 1217114, at *7 (D. Mass. Mar. 31, 2017) (citing Kampfer v. Fifth Third Bank, Case No. 3:14 cv 2849, 2016 WL 1110257, at *7 (N.D. Ohio Mar. 22, 2016) (collecting cases where courts equitably tolled statute of limitations for FLSA putative collective action members)).

Courts apply equitable tolling in FLSA cases where extraordinary circumstances beyond plaintiffs' control resulted in the failure to file timely claims, such as where a defendant's conduct caused untoward delay. Pike v. New Generation Donuts, LLC, Civil Action No. 12-12226-FDS, 2016 WL 707361, at *5 (D. Mass. Feb. 20, 2016) (equitable tolling denied because plaintiffs' actions and decisions caused delay). This includes the kinds of delays that may be seen as inherent in such litigation. Penley v. NPC Int'l, Inc., 206 F. Supp. 3d 1341, 1348 (W.D. Tenn. 2016). Thus, in Penley, the defendant's dilatory tactics caused a protracted delay, during which "the vast majority of potential opt-in plaintiffs were never informed of either the FLSA lawsuit or of Defendant's potential wage violations, and they will not be advised of such until the Court approves a notice mechanism. . . [, by which] time, it is most likely that a substantial portion of those claims will already be untimely." Id. at 1350-51. Based on the delays caused by the defendant's approach to discovery, Penley held that the plaintiffs' claims should be tolled as of the date that the first motion for conditional certification could have been fully briefed until ninety days after the issuance of notice to potential class members. Id. at 1351. Penley's focus on discovery delays by the defendant contrasts with Osman v. Grube, Inc., Case No. 16-cv-802,

4

2017 WL 2908864, (N.D. Ohio July 7, 2017), in which the court noted that the claimant's counsel's engaged in an active campaign to notify potential plaintiffs on social media, permitting the finding that the failure of the potential plaintiffs to opt-in earlier reflected a lack of diligence. Id. at *9-10.

The evidence here establishes nothing that would have provided notification to potential class members; to the contrary, the parties' submissions in connection with conditional certification demonstrate that the approximately four hundred potential class members worked in many different locations across the country, including that many Honeywell employees work remotely. E.g., Mayda Dep., ECF No. 108-2 at 4. Therefore, the Court finds that there has been no lack of diligence by them or by Plaintiffs. The evidence further establishes that Defendants have used an array of strategies to slow down the discovery process and to deflect Plaintiffs from the discovery that is at the heart of issues pertinent to certification. While Defendants are right that the specific delayed deposition (Mayda) that is highlighted in Plaintiffs' motion ended up being completed on the end date of the prior tolling order, August 23, 2019, the Court finds that Defendants' discovery delays affected far more than a single deposition and that the pervasiveness of the strategy amounts to an "exceptional circumstance."

Based on the foregoing, Plaintiffs' motion for equitable tolling (ECF No. 109) is granted. The limitations period is tolled from August 23, 2019, though the last date that the Court will set for class members to file consent forms to opt-in as plaintiffs.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 17, 2020