UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA MCKNIGHT and | : | |
| SHEILA ANDERSON, | : | |
| Individually and on behalf of all | : | |
| Other Persons Similarly Situated, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 16-132MSM |
| | : | |
| HONEYWELL SAFETY PRODUCTS | : | |
| USA, INC., HONEYWELL | : | |
| INTERNATIONAL, INC., DAVID M. | : | |
| COTE, CARL JOHNSON, and MARK R. | : | |
| JAMES, in their Official and Individual | : | |
| Capacities, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

As they prepared to send the Court-approved notice to the conditionally certified class, Plaintiffs Barbara McKnight and Sheila Anderson realized they would need a third-party administrator because of the unexpectedly large number of conditional class members disclosed as of September 23, 2021. By the instant motion to amend the previously approved Notice, they have now asked the Court for leave to correct the Notice to reflect this adjustment. ECF No. 133. Defendants – Honeywell Safety Products USA, Inc., Honey International, Inc., and three senior Honeywell managers (collectively, "Honeywell") – have no objection to this request. In addition, despite the Notice having been approved by the Court well over a year and a half ago, Plaintiffs' motion (as a practical matter, for the first time) also asks the Court to approve the sending of a reminder notice forty-five days after the first mailing. ECF No. 133-1 at 3. Honeywell vigorously objects. The motion to amend the Notice and for leave to send reminders has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A).

*Background, Law And Analysis*

No reminder notice was mentioned as part of Plaintiffs' proposed plan for Notice as originally approved by the Court.[1] As grounds for seeking the right to send a Court-approved reminder now, Plaintiffs rely on generic precepts, such as that "for the FLSA to serve its remedial function, putative class members must actually become aware of their right to opt in," Kidd v. Mathis Tire and Auto Serv., Inc., No. 2:14-cv-02298–JPM, 2014 WL 4923004, at *2-3 (W.D. Tenn. Sept. 18, 2014), and that a reminder is useful to reach a recipient of the initial Notice, who may have forgotten about it or discarded it. Hussein v. Capital Building Servs. Group, Inc., 152 F. Supp. 3d 1182, 1198 (D. Minn. 2015). Apart from the long delay since the Court approved the original Notice (increasing the risk that conditional class members may no longer live at the addresses provided),[2] Plaintiffs have presented the Court with no particularized reason why a reminder is important in the circumstances of this case.

This Court has broad discretion in determining how notice will be sent to putative plaintiffs. Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981). While single written notice sent by mail is almost always approved, courts are divided as to whether reminder notices to putative class members are appropriate in FLSA actions. Clark v. Williamson, No. 1:16-cv-1413, 2018 WL 1626305, at *7 (M.D.N.C. Mar. 30, 2018) (citing cases). This is based on the concern that,

---

[1] Plaintiffs advise the Court that they did ask for a reminder notice in their first motion for conditional certification; that motion was denied in 2017. McKnight v. Honeywell Safety Prod. USA, Inc., No. cv 16-132 S, 2017 WL 3447894, at *1 (D.R.I. Aug. 11, 2017). As a practical matter, Plaintiffs' request for a Notice on which the Court focused and invested substantial resources (including ordering separate briefing focused solely on the Notice) was the one introduced with the second motion for conditional certification, which had no suggestion of the need for a second reminder to be sent to the class. The Court reviewed and approved Plaintiffs' over-all plan for Notice, including notice time periods and content. ECF No. 123 at 16-19. During the extensive input from the parties about the Notice, there was no suggestion that the proposed plan for Notice should include a reminder notice.

[2] The Court observes that this was an identified risk that the Court addressed in approving the Notice in April 2020. ECF No. 123 at 16-20. As a result of this and other challenges, despite Honeywell's objection, the approved plan calls for Notices to be sent by mail and email with telephone to follow-up on Notices that are returned as undeliverable. Id. at 18-20.

"[a]t the initial certification stage, including when crafting an appropriate notice to be sent, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at *7 (internal quotation marks omitted); see, e.g., Byard v. Verizon W. Virginia, Inc., 287 F.R.D. 365, 373 (N.D.W. Va. 2012) (reminder notice "'unnecessary' and potentially improper," because of danger that it may "both stir up litigation . . . and inappropriately encourage putative plaintiffs to join the suit") (internal citations omitted); Hardesty v. Kroger Co., No. 1:16-cv-298, 2016 WL 3906236, at *2 (S.D. Ohio July 19, 2016) ("Courts should be hesitant to authorize duplicative notice because it may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement of Plaintiff's claims."). That is, courts are "generally reluctant to send reminder notices at the risk of jeopardizing judicial neutrality." Osman v. Grube, Inc., No. 16-cv-802, 2017 WL 2908864, at *8 (N.D. Ohio July 7, 2017). Because of that concern, courts reject a request for leave to send a reminder notice in the absence of any particular demonstrated necessity warranting another notice. Guzelgurgenli v. Prime Time Specials Inc., 883 F. Supp. 2d 340, 357–58 (E.D.N.Y. 2012) (denying reminder notice request because plaintiffs did not identify why reminder notice was necessary); see, e.g., O'Quinn v. TransCanada USA Servs., Inc., 469 F. Supp. 3d 591, 610 (S.D.W. Va. 2020) (reminder notice "unnecessary and inappropriate, except where notice is returned as undeliverable"); Danford v. Lowe's Home Centers, LLC, No. 5:19-cv-00041-KDB-DCK, 2019 WL 4874823, at *7 (W.D.N.C. Oct. 2, 2019) (courts deny reminder notices if there is a relatively short opt-in period); Islam v. LX Ave. Bagels, Inc., No. 18-CIV-04895-RA-RWL, 2019 WL 5198667, at *12 (S.D.N.Y. Sept. 30, 2019) (with no particular reason justifying the need for a reminder notice, court will deny its dissemination).

Having invested significant time in reviewing the adequacy of and approving the original Notice plan, and with no particularized reason why a reminder was then or since has become necessary in this case, the Court is not inclined to authorize such an unnecessary communication in light of the substantial risk that the reminder will create the appearance that that Court is pressuring class members to opt-in. Importantly, the language of the proposed reminder that Plaintiffs include with their motion exacerbates this concern. For example, it advises the recipient that the original Notice is "Court-authorized," and it suggests (inaccurately) that there has been a "proposed settlement"; it then urges conditional class members to send an opt-in notice by the deadline if they want to participate and "obtain a portion of any judgment or settlement." ECF No. 133-3 at 3. This language not only would place the Court's thumb heavily and inappropriately on Plaintiffs' side of the scale but also permits the inappropriate inference that a payment from the "proposed settlement" is very likely to be made to persons who return the opt-in form. Accordingly, Plaintiffs' motion for leave to send a reminder is denied.

There is one loose end: in its objection, Honeywell raised the Court's order on equitable tolling and asked that it be reconsidered. Because of the substantial delays that have afflicted the progress of this case, the Court has chosen swiftly to address the instant motion so that the Notices can be sent as quickly as possible. In so doing, the Court has not waited for Plaintiffs' reply and has deliberately ignored the issue of equitable tolling. Honeywell remains free to move for reconsideration of equitable tolling order pursuant to the Local Rules, which require that such a prayer for relief must be set forth in a stand-alone motion (not in an opposition to a different motion, as Honeywell did in this instance). DRI LR Cv. 7(a)(1). If it does so, Plaintiffs will have a full opportunity to oppose such a motion. For now, the Court's order on equitable tolling is unchanged.

***Conclusion***

Plaintiffs' Motion to Amend/Correct Notice and Consent to Join the Collective Action and to Issue Reminder Notice (ECF No. 133) is granted in part and denied in part. The request for an amendment to the notice to add the third-party administrator is granted and Exhibit A to the motion is approved as the revised Notice. The motion's request for leave to send reminders to conditional class members is denied.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 16, 2021