UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA MCKNIGHT and <br> SHEILA ANDERSON, <br> Individually and on behalf of all <br> Other Persons Similarly Situated, <br>           Plaintiffs, <br><br> v. <br><br> HONEYWELL SAFETY PRODUCTS <br> USA, INC. and HONEYWELL <br> INTERNATIONAL, INC., DAVID M. <br> COTE, CARL JOHNSON, and MARK R. <br> JAMES, in their Official and Individual <br> Capacities, <br>           Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> C.A. No. 16-132MSM <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiffs are procurement personnel or buyers ("Buyers") employed or formerly employed by the Honeywell Defendants (Honeywell Safety Products USA, Inc. and Honeywell International, Inc.). They have brought a collective action pursuant to 29 U.S.C. § 216(b), the Fair Labor Standards Act ("FLSA").[1] The Buyers claim that they were improperly classified as "exempt," required to work more than forty hours per week and not paid the overtime to which they were entitled under the FLSA. Central to their claim is Defendants' approach to classification of employees as exempt or non-exempt under the FLSA during the class period. The Court has conditionally certified the class and set a schedule pursuant to which the period

---

[1] The Third Amended Complaint also asserts state law claims. ECF No. 105. However, Plaintiffs' motions reference only their FLSA claims. ECF Nos. 173, 178. Relatedly, Plaintiffs have advised the Court that the Rhode Island state wage law claim has been dismissed from the case. ECF No. 178 at 5 n.1. Therefore, the Court's consideration of Plaintiffs' motions is focused only on the federal law FLSA claim.

for limited discovery related to final certification of the collective closed on September 1, 2024. Text Order of Apr. 23, 2024.

Filed shortly before the closure deadline and now pending before the Court are Plaintiffs' Motion and Amended Motion for Reconsideration and to Compel. ECF Nos. 173, 178. These motions ask the Court to reconsider its determination of February 5, 2019, sustaining Defendants' attorney-client privilege assertion following briefing, argument and an *in camera* review of documents. See McKnight v. Honeywell Safety Prod. USA, Inc., C.A. No. 16-132WES, 2019 WL 452741 (D.R.I. Feb. 5, 2019). Plaintiffs now rely on a new argument that Defendants waived the attorney-client privilege by asserting the defense of good faith reliance on advice of counsel, a defense that relates to the FLSA affirmative defenses created by 29 U.S.C. §§ 259(a)[2] and 260.[3] Based on the same argument, Plaintiffs also seek to overcome Defendants' invocation of the attorney-client privilege in certain interrogatory/document responses,[4] as well as to convene a new Fed. R. Civ. P. 30(b)(6) deposition of a lawyer to testify regarding legal advice pertaining to the Buyer classification as exempt or nonexempt. As grounds for this relief, Plaintiffs pointed to Defendants' assertion of the now abandoned Fifth Affirmative Defense,[5] and Defendants' ongoing (as of the filing of the motions) assertion of the Fourth Affirmative

---

[2] Pursuant to 29 U.S.C. § 259(a), an employer can avoid liability if it can prove that an alleged FLSA violation was committed in good faith reliance on applicable law.

[3] Pursuant to 29 U.S.C. § 260, an employer can avoid liquidated damages for an FLSA violation if it can prove that it acted in good faith reliance based on the reasonable belief in the lawfulness of the conduct.

[4] Plaintiffs confirmed at the hearing that the documents they now seek appear to be the same set that was submitted for *in camera* review in 2019.

[5] Echoing 29 U.S.C. § 259(a), the Fifth Affirmative Defense stated: "To the extent they are found to have violated the RIGL, Defendants had a good faith basis to believe that their underpayment of wages was in compliance with the law." ECF No. 107 at 10.

Defense.[6] Missing from the first iteration of the motions, but argued in the second, Plaintiffs also contend that Defendants waived the attorney-client privilege by responding to Interrogatory No. 8 without invoking it. ECF No. 178 at 2.

In seeking this relief so late in this phase of the case after failing to raise the waiver argument when they challenged Defendants' invocation of the attorney-client privilege more than five years ago in 2019, Plaintiffs represent that this argument was not presented to the Court in 2019 through "inadvertence." ECF No. 173 at 1. Except for Interrogatory No. 8, discussed *infra*, they do not point to any material change in circumstances, new facts or newly developed law, nor do they contend that the Court committed any error in its determination of the arguments that were presented in 2019. Rather, citing United States ex rel. Berkley v. Ocean State, LLC, C.A. No. 20-538-JJM-PAS, 2024 WL 3201393, at *2 (D.R.I. June 26, 2024), they argue that it would be fundamentally unfair and manifestly unjust to Plaintiffs and to the trier of fact for the attorney-client privilege to be upheld, especially to the extent that Defendants rely on the Fourth Affirmative Defense. In that regard, Plaintiffs contend that the Court should look past Defendants' facile contention that the Fourth Affirmative Defense does not put advice of counsel in issue; Plaintiffs point out that this Defense expressly tracks the defense to liquidated damages created by 29 U.S.C. § 260 by affirmatively alleging that Defendants had "reasonable grounds for believing" that their classification of Buyers did not violate the FLSA.

In response to the motions, Defendants argue that there is no justification for the extraordinary remedy of reconsideration of the 2019 decision in these circumstances, that reconsideration is untimely and (with the relevant discovery long since concluded in 2018)

---

[6] Echoing 29 U.S.C. § 260, the Fourth Affirmative Defense stated: "Defendants had reasonable grounds for believing that any act or omission complained of on their part was not a violation of the FLSA or RIGL." ECF No. 107 at 9.

would be prejudicial, and that the Court should simply refuse to take up the argument at this late stage of the case.  Defendants rely *inter alia* on Christianson v. Colt Indus. Operating Corp., which holds that, "courts should be loathe to [revisit prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (internal quotation marks omitted).

On the merits of Plaintiffs' attorney-client privilege challenge, Defendants contend that the privilege has not been waived because they do not affirmatively rely on the defense of good faith reliance on advice of counsel.  In support of the argument, Defendants point out that they withdrew with prejudice the affirmative defense of good faith reliance on advice of counsel by the stipulation filed on March 14, 2024, (ECF No. 166), which states that "the Fifth Affirmative Defense . . . is hereby withdrawn with prejudice."  ECF No 176 at 4.  They further asserted in briefing that, despite their ongoing assertion of the Fourth Affirmative Defense, their intent has not been affirmatively to rely on advice of counsel but rather merely to deny a willful violation pursuant to 29 U.S.C. § 255(a).[7]  Id.  Nevertheless, the Fourth Affirmative Defense was not withdrawn.  However, at the September 10, 2024, hearing, Defendants pivoted; orally through counsel, they advised the Court on the record that the Fourth Affirmative Defense is surplusage because willfulness is Plaintiffs' burden to prove pursuant to § 255(a) and no affirmative defense is required to deny it.  That leaves only Defendants' denial (see ECF No. 107 ¶ 56) of Plaintiff's allegation that Defendants' FLSA violation was willful.  Defendants further orally represented that the Fourth Affirmative Defense may be deemed to be withdrawn.  With both the Fourth and

---

[7] Pursuant to 29 U.S.C. § 255(a), an employee must show that the employer's FLSA violation was willful in order to extend the statute of limitations from two years to three years.

4

Fifth Affirmative Defenses now withdrawn, Defendants stated on the record that they do not rely on and will not rely on the defense of good faith reliance on advice of counsel, as well as that, based on this express waiver, they are estopped from ever doing so.

As to willfulness, Defendants persist in their denial. Based on this ongoing denial, Defendants acknowledge that matters covered by the privilege are relevant. In that regard, Defendants contend that the privilege is designed to shield attorney-client communications from discovery <u>despite their potential relevance</u>. Thus, a litigant may rely on the privilege's protection of relevant communications as long as it is not affirmatively wielded "as both a shield and a sword." <u>United States v. Desir</u>, 273 F.3d 39, 45 (1st Cir. 2001) (internal quotation marks omitted).

Notwithstanding this shift of position by Defendants, Plaintiffs declined to withdraw their motions, which they concede now rest only on Defendants' ongoing denial that their conduct amounts to a willful FLSA violation. Plaintiffs acknowledge that willfulness is an allegation in their Third Amended Complaint (ECF No. 105 ¶ 56) that is their burden to prove pursuant to § 255(a), so that Defendants are right that they do not need an affirmative defense to continue to deny that any FSLA violation was willful.

**I.      Background**

As relevant to the pending motions, in 2018, Defendants presented two Fed. R. Civ. P. 30(b)(6) witnesses – both non-lawyers – to testify about Defendants' employee classification process, including with respect to the work performed by the Buyers. One was a Senior Compensation Specialist, who works in the human relations department ("HR"), and the other was a Compensation Director, who works in the compensation area. ECF Nos. 173-3, 182-2.

The Compensation Specialist testified that training based on legal advice from the Legal Department was provided to employees in the HR/compensation department(s) advising them on how to perform the job classification review/analysis. ECF No. 173-3. Such a job classification review/analysis is done whenever there is a new or a changed position, as well as for a project or on request of the Legal Department. Id. at 11, 15, 18-19. To perform this review/analysis, the non-lawyer HR/compensation employee gathers information from managers (including the roles, responsibilities and duties the person in the position will perform or is performing) and analyzes the information based on FLSA regulations. Once that process is complete, the final determination for classifying positions as exempt or nonexempt is made by the Legal Department. Defendants' 2023/2024 response to Interrogatory No. 8 restates this aspect of the Compensation Specialist's 2018 Fed. R. Civ. P. 30(b)(6) testimony. The Compensation Specialist also testified that she could not recall ever performing such a review/analysis of the Buyer position. McKnight, 2019 WL 452741 at *2 n.4.

As to the last step – the communications requesting legal advice[8] presented to the Legal Department and the Legal Department's determination – Defendants have asserted the attorney-client privilege. In addition, Defendants have also asserted the attorney-client privilege to protect from production certain documents, which included the trainings provided by the Legal Department for the HR/compensation specialists. Those privilege assertions were sustained by the Court following the 2019 *in camera* review. McKnight, 2019 WL 452741, at *2-3. Importantly, as the Court noted in the 2019 decision, none of the documents presented for *in camera* review specifically addressed the classification of the Buyer position. Id. at *3.

---

[8] At the hearing, Defendants acknowledged that factual information included in this request for legal advice is not privileged.

Until March 2024, Defendants relied on the Fifth Affirmative Defense, which they acknowledge was based at least in part on good faith reliance on advice of counsel. In response to Plaintiffs' assertion that this Defense waived the attorney-client privilege, ECF No. 173 at 5 n.1, preferring to protect their attorney-client communications, on March 14, 2024, Defendants withdrew the Fifth Affirmative Defense with prejudice; they argued that this eliminated the defense of good faith reliance on advice of counsel. They did not withdraw the Fourth Affirmative Defense until the hearing on this motion, when they stated on the record through counsel that the Fourth Affirmative Defense is surplusage, in that their denial of willfulness is enough, and can also be deemed to be withdrawn.

## II. Motion for Reconsideration – Standard of Review and Analysis

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Allstate Ins. Co. v. Fougere, 79 F.4th 172, 197 (1st Cir. 2023) (alteration in original). "[T]he granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Bowling v. Hasbro, Inc., C.A. No. 05-229S, 2008 WL 169693, at *1 (D.R.I. Jan. 16, 2008) (internal quotation marks omitted). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case." Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019) (internal quotation marks omitted), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

In particular, a motion for reconsideration does not "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or

advance arguments that could and should have been presented to the district court prior to the judgment." Fábrica de Muebles J.J. Álvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 26, 31 (1st Cir. 2012) (internal quotation marks omitted); see Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (reconsideration motions "are not vehicles for pressing arguments which could have been asserted earlier"), appeal dismissed, No.12-1763 (1st Cir. July 11, 2012). Nor does Fed. R. Civ. P. 59 afford an end-run around these principles. Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323-24 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006). Likewise, Fed. R. Civ. P. 60(b), which permits motions for relief after final judgment, does not provide an appropriate vehicle for raising an interlocutory argument that should have been made years before. See Fed. R. Civ. P. 60(b); Lobster 207, LLC v. Pettegrow, 1:19-cv-00552-LEW, 2022 WL 3106212, at *2 (D. Me. Aug. 4, 2022) (well settled that Rule 60(b) applies only to final judgments). At bottom, "it is settled beyond hope of contradiction that, at least in the absence of exceptional circumstances, a party may not advance new arguments in a motion for reconsideration when such arguments could and should have been advanced at an earlier stage of the litigation." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 45 (1st Cir. 2020); see United States v. Valenzuela, Criminal No. 11-cr-084-04-JL, 2015 WL 8483291, at *2-3 (D.N.H. Dec. 9, 2015) (motion for reconsideration procedurally barred because party raised argument not previously presented to the court that could have been presented in earlier proceeding), aff'd on other grounds, 849 F.3d 477 (1st Cir. 2017); Cavounis v. United States, 14-CV-4992 (VEC), 11-CR-297 (VEC), 2016 WL 715768, at *2 (S.D.N.Y. Feb. 19, 2016) (same).

     In pressing their motions for reconsideration, Plaintiffs do not rely on newly discovered facts or changes in law, nor do they argue that the 2019 decision was tainted by any clear or manifest error of law. Rather, their sole basis for a "do-over" to make a new argument that could

8

have been presented five years ago is to prevent fundamental unfairness and to avoid manifest injustice. ECF No. 182 at 2. Accordingly, the Court next considers whether there are exceptional circumstances that justify reconsideration.

### III. Attorney-Client Privilege – Applicable Law and Analysis

In the analysis that follows, the Court examines the merits of Plaintiffs' attorney-client privilege waiver argument in light of applicable law to determine whether the extraordinary remedy of reconsideration to avert fundamental unfairness and to avoid manifest injustice is justified. ECF No. 182 at 2. The Court also considers Plaintiffs' argument mindful that their motions also seek to compel discovery.

As developed in federal common law,[9] the attorney-client privilege protects confidential communications between attorney and client and is the oldest of the common law privileges; its purpose is to foster full and frank communication between lawyers and their clients. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). However, when the defense of reliance on the advice of counsel is raised, the factual circumstances may establish that "the pleader puts the nature of its lawyer's advice squarely in issue, and, thus, communications embodying the subject matter of the advice typically lose protection." In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 24 (1st Cir. 2003). Further, an implied waiver "may occur whenever [a] party takes a position that makes it unfair to protect attorney-client communications, such as when a client testifies about portions of such communications or [a] client relies on [an] attorney's advice as [an] element of [a] claim or defense." Desir, 273 F.3d at 45 (internal quotation marks omitted). On the other hand, if a defendant simply denies an

---

[9] At the time of the 2019 decision, the Court considered both federal and state privilege law. McKnight, 2019 WL 452741, at *2 n.1. Because the pending motions pertain only to Plaintiffs' FLSA claims, on which the Court has relied, see n.1 supra, only the federal common law of privilege is being considered.

allegation of bad-faith intent, rather than affirmatively offering reliance on legal advice to rebut the allegation of bad-faith intent, the attorney-client privilege should be sustained. Diamond Staffing Sols., Inc. v. Diamond Staffing, Inc., 05-40046-FDS, 2005 WL 8176474, at *3 (D. Mass. July 8, 2005).

As an example of an implied waiver, Plaintiffs rely on United States ex rel. Berkley, 2024 WL 3201393, at *1-2. Berkley is a False Claims Act case in which the defendants asserted the defense of lack of scienter. Factually, they supported this defense with their good faith belief in the lawfulness of their conduct in applying for loans because their attorneys not only provided advice, but also participated in the application process. Id. at *2. Therefore, Berkley is grounded in these specific factual circumstances based on which the Court found that it would be unfair to the plaintiff and the trier of fact to allow these defendants to use "the attorney-client privilege as both a sword and a shield." Id. (internal quotation marks omitted).

When applying these principles in the FLSA context, courts proceed with caution to avoid discouraging employers from obtaining legal advice, which would "run contrary to the very purpose of the attorney-client privilege." Aboudara v. City of Santa Rosa, Case No. 17-cv-01661-HSG (JSC), 2018 WL 748968, at *1 (N.D. Cal. Jan. 22, 2018); see Doe v. Lahey Health Sys., Inc., No. 19-cv-11014-PBS, 2020 WL 13561720, at *4 (D. Mass. Aug. 12, 2020) (despite receipt of attorney advice, attorney-client privilege is waived only if advice is asserted as defense). For example, in Scott v. Chipotle Mexican Grill, Inc., 67 F. Supp. 3d 607, 614-618 (S.D.N.Y. 2014),[10] the court carefully examined the facts and circumstances and found that the

---

[10] The Court notes that, until the Fourth Affirmative Defense was withdrawn, application of Scott would likely have led to the granting of Plaintiffs' motions. That is, as in Scott, Defendants were asserting an affirmative defense that tracked § 260 and the facts established that the FLSA determinations were made by counsel so that the defense arguably encompassed reliance on advice of counsel. The problem for Plaintiffs is that the Fourth Affirmative Defense is now gone.

privilege was impliedly waived based on the express invocation of the affirmative defenses of good faith under 29 U.S.C. §§ 259 or 260, coupled with facts sufficient to show that those defenses rested on advice of counsel.  On the other hand, when the employer simply denies an allegation of willfulness pursuant to 29 U.S.C. § 255(a), courts find that such a denial does not put privileged communications "at issue" and does not constitute an implied waiver even though the privilege shields relevant legal advice.  See, e.g., In re Schlumberger Tech. Corp., 818 F. App'x 304, 306-07 (5th Cir. 2020) (per curiam) (pleading that denies that violations were willful and asserts good faith reliance "on applicable law," but not reliance on advice of counsel, is not enough to waive attorney-client privilege;); Roy v. FedEx Ground Package Sys. Inc., Case No. 3:17-cv-30116-KAR, 2023 WL 7116755, at *5 (D. Mass. Oct. 27, 2023) (denial of willfulness and assertion of defense of lack of knowledge not enough for privilege waiver)[11]; Blake v. Batmasian, Case No. 15-cv-81222 Marra/Matthewman, 2017 WL 10059251, at *15 (S.D. Fla. Oct. 5, 2017) (mere denial of willfulness does not amount to issue injection that would impliedly waive attorney-client privilege), adopted, 2018 WL 3829803 (S.D. Fla. Aug. 9, 2018).  Thus, the attorney-client privilege is not deemed to be waived just because legal advice was obtained and might be relevant to a disputed issue (willfulness) or otherwise helpful to opponents in proving an element of their case – that is the very purpose of the privilege: to shield attorney-client communications from discovery despite their relevance.  See generally Schlumberger Tech. Corp., 818 F. App'x at 306-08 (asserting claim to which privileged material is merely relevant

---

[11] Plaintiffs argue that this Court should ignore Roy because the privilege was sustained based on finding that the privileged documents were not relevant.  I disagree.  The gravamen of the holding is that the employer's denial of willfulness and assertion of the defense of lack of knowledge without more does not waive the attorney-client privilege.  Roy, 2023 WL 7116755, at *5.  Irrelevancy was advanced as an alternative justification for the Roy holding.  Id.

11

does not waive privilege); Aboudara, 2018 WL 748968, at *1 (employers should not be forced either to concede willfulness or waive privilege).

In the facts presented in this case, Defendants deny that any FLSA violation that may be found was a willful violation of law but have eschewed – both expressly and impliedly – both of their affirmative good faith defenses and their right affirmatively to rely on advice of counsel. What is left – Defendants' denial of willfulness coupled with the fact that the final classification decision is made by the Legal Department – is not enough to put their attorney-client communications "in issue." Therefore, the Court finds that Defendants are not using the attorney-client privilege "as both a shield and sword," Desir, 273 F.3d at 45, and holds that they are entitled to protect their privileged communications from discovery. In light of this holding, the Court further finds that neither fundamental unfairness/manifest injustice nor exceptional circumstances[12] is caused by the Court's decision sustaining Defendants' assertion of the attorney-client privilege.

A loose end: the Court has separately examined Plaintiffs' contention that appears only in the second iteration of the motions – that Defendants' more recent response to Interrogatory No. 8 is new and waives the privilege. Having reviewed it, I find that, while this Answer was provided in 2023/2024, the information in the Answer is not new. Thus, it simply reiterates what was already in the factual record presented to the Court in 2019 – that the final classification decision was made by the Legal Department based on information gathered by HR/compensation

---

[12] While not mentioned by the parties, the Court also finds pertinent to whether there is fundamental unfairness or manifest injustice the reality that, in 2019, the Court reviewed *in camera* the documents that Plaintiffs now seek again. Based on that review, the Court noted in the 2019 decision not only that they clearly constitute the privileged communication of legal advice, but also that they contain "no reference at all to the classification of any Honeywell job in the procurement area." McKnight, 2019 WL 452741, at *3. Thus, the Court's 2019 *in camera* review effectively ruled out the possibility that Defendants' privilege assertion was covering up a document amounting to the proverbial "smoking gun."

specialists.  Further, as Defendants point out, the failure to object based on the attorney-client privilege did not waive the privilege because this Answer responded to an Interrogatory that did not ask for disclosure of attorney-client communications; further the Answer clearly adverts to the facts developed in 2018, when the privilege was plainly invoked.  Thus, the Court finds that Interrogatory Answer No. 8 does not amount to new information that would justify reconsideration nor does it waive the attorney-client privilege.

Based on the foregoing, the Court holds Plaintiffs' attorney-client privilege waiver argument "could easily have been made [five years ago] and [Plaintiffs have] made no showing of exceptional circumstances."  Ward v. AlphaCore Pharma, LLC, 89 F.4th 203, 211 (1st Cir. 2023).  Thus, Plaintiffs have failed to overcome the procedural bar to reconsideration.  The Court further finds that this determination does not result in injustice or unfairness either to Plaintiffs or to the trier of fact because Defendants' attorney-client privilege has not been put "in issue" and is not waived.  The Court thus sustains Defendants' objections based on the attorney-client privilege and denies Plaintiffs' motion to the extent that it seeks to compel production of privileged information.

**IV.     Conclusion**

Affording full consideration to Plaintiffs' arguments, the Court finds that Plaintiffs have failed either to meet the high bar for reconsideration or to overcome Defendants' assertion of the attorney-client privilege.  Accordingly, their motions for reconsideration of the 2019 decision and to compel (ECF Nos. 173, 178) are denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 24, 2024